IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN S. SEGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1057-SMY |
| | ) |
| STATE OF ILLINOIS DEPARTMENT | ) |
| OF HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Logan S. Seger, a pretrial detainee being held at the Alton Mental Health Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Seger claims his rights have been violated because he has been detained and hospitalized at Alton Mental Health Center for mental fitness evaluation. He requests that the mental fitness issue be dropped.

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, like this one.

Section 2254 habeas actions are proper for prisoners in custody pursuant to a judgment of a state court. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). However, those in state custody for some other reason, such as pre-conviction custody, may pursue habeas relief under 28

---

[1] The Clerk's Office incorrectly categorized the filing as a §2254 petition, rather than a §2241 petition. This Order will require the Clerk to correct the categorization so that Petitioner may file future §2254 petitions.

U.S.C. §2241. *Id.; see also Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (individuals held in state custody for any reason other than a conviction may challenge their incarceration under §2241). Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-492 (1973); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

Section 2241 has no express exhaustion requirement, but courts apply a common-law exhaustion rule. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004) *citing United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991) (unlike §2254, §2241 does not itself require exhaustion but federal courts may nevertheless require it as a matter of comity). Thus, a pretrial detainee must "exhaust all avenues of state relief" before seeking a writ of habeas corpus through a section 2241 action. *See United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991). To exhaust state court remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (usually issues may be resolved by trial on the merits in the state court or by other state procedures available to a petitioner).

Here, Seger acknowledges that he did not seek an appeal or review of the state court actions, and trial on the merits of his charges is currently pending. Accordingly, Seger's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. The Clerk of Court is **DIRECTED** to correct the cause to reflect that it is a §2241 and not a §2254 petition, enter judgment accordingly, and close this case.

The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3de 665, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. §2241 when detention is the result of a pre-conviction state court order).

**IT IS SO ORDERED.**

**DATED:  May 13, 2024**

**STACI M. YANDLE**
**United States District Judge**